**Garnett Eugene DEVORE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Jan. 19, 1984.

Jack Emory Farley, Public Advocate, Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

The issue we address on this appeal is whether the maximum sentence length set out in KRS 532.110(1)(c) is applicable when the defendant is on parole (or other forms of early release or probation) when he commits subsequent felonies under the aegis of KRS 533.060(2).

Appellant, while on parole from at least one prior felony, was indicted, tried and convicted of one count of second degree burglary, a class "C" felony; one count of felony theft, a class "D" felony; three counts of knowingly receiving stolen property; a class "D" felony, and one count of first degree criminal trespass, a class "D" felony. He was sentenced to a total of 35 years imprisonment.

At the sentencing phase of the bifurcated trial, appellant was convicted of five counts of being a persistent felony offender, first degree. His sentence was enhanced to fifteen years imprisonment on each count. The trial court ordered that each sentence be served consecutively, and further adjudged that those sentences were to be served consecutively with a five year term imposed for a separate charge of knowingly receiving stolen property. Therefore, appellant's total prison time is eighty years. He appeals as a matter of right.

Appellant urges six grounds for reversal of his conviction. We have carefully examined all of them and find that only one merits discussion in this opinion.

■ That one relates to, as we have said, the length of his sentence. KRS 532.-110(1)(c) states as follows:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, *except that:*

(c) *The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed.*

The effect of this statute is that when multiple sentences are imposed on a defendant for more than one crime, that such sentences while permitted to run concurrently or consecutively, may not exceed, in total time of imprisonment, the maximum time authorized by statute for the highest class of crime for which any of the sentences are imposed. In the present case, appellant's "highest class" of crime was second degree burglary, a class "C" felony. The maximum length of sentence therefore is 20 years. KRS 532.080(6)(b).

Appellant urges that the plain terms of the statute and the mandate of *Tabor v. Commonwealth,* Ky., 613 S.W.2d 133 (1981), require us to remand the case to the trial court and direct that a maximum sentence of 20 years be entered. We do not agree.

In *Tabor,* the appellant was convicted of robbery in the second degree and of being a persistent felon, first degree. He received a twenty year enhanced sentence. The trial court ordered that the twenty year sentence on the persistent felony offender conviction run consecutively with a prior, entirely separate sentence on a persistent felony offender, first degree, conviction. We reviewed the conviction and directed, in the event of another trial with similar results, that the two sentences be served concurrently. We literally applied the terms of KRS 532.110(1)(c), recognizing the legislative intent to put a cap on the total years imprisonment given in cases of multiple conviction.

That statute was enacted by the General Assembly in 1974. The issue in the present case is brought into focus by the fact that in 1974, the General Assembly also enacted KRS 532.110(3), which is as follows:

When a defendant is sentenced to imprisonment for a crime committed while on parole in this state [which appellant was] such term of imprisonment and any period of reimprisonment that the board of parole may require the defendant to serve upon the revocation of his parole shall run concurrently, *unless the court orders them to run consecutively.* (Emphasis added.)

Further focus on the precise issue on the appeal is brought about by the General Assembly's enactment, in 1976, KRS 533.-060(2).

When a person has been convicted of a felony and is committed to a correctional facility ... and released on parole ... *and is convicted or enters a plea of guilty to a felony committed while on parole* ... such person shall not be eligible for probation, shock probation, or conditional discharge and *the period of confinement for that felony shall not run concurrently with any other sentence.* (Emphasis added.)

The question arises as to whether the limit or cap placed on total imprisonment time by KRS 532.110(1)(c) is modified by KRS 533.060(2) so that, when a paroled felon commits a felony while on probation, the sentence may exceed the maximum time for the highest felony committed.

The impact of KRS 532.110(3) and KRS 533.060(2), one enacted contemporaneously with KRS 532.110(1)(c) and the other enacted two years later, is to single out and authorize special treatment to those felons who commit felonies *while on parole.* In KRS 532.110(3) when a defendant commits *any crime* while on parole, *the parole board* may direct that additional time may be served, and in such event, that time shall run concurrently, *unless the sentencing court (in the case of the second crime) shall order the sentences to run consecutively.*

This section of the statute modifies the limit, or cap, placed on the sentence maximum set out in Section (1)(c) of KRS 532.-110.

▪ With respect to KRS 533.060(2), the General Assembly further addresses the problem of the felons who commit subsequent felonies *while on parole,* when such a circumstance occurs, two things (according to the statute) occur: (1) The defendant shall not (for the subsequent felony) be eligible for probation, shock probation or conditional discharge, and (2) The length of the persons sentence (again, for the subsequent felony conviction) *shall not run concurrently* with any other sentence. By obvious inference, the General Assembly has said that the prison sentence (for the second felony conviction) *shall be run consecutively.* The General Assembly has rather clearly shown its intention to provide stiff penalties for convicted and paroled felons who commit subsequent felonies while on parole. Parole is, of course, a very special privilege given to prisoners who have evidenced to the parole board, by their conduct and their verbiage, their reliability to have their sentence served out of prison and to comply with whatever condition the board may attach. The General Assembly obviously felt that those parolees who violate this trust by the commission of a felony shall be forced to suffer penalties. Viz—not being eligible for probation, etc., and *not having their* subsequent sentences served concurrently. To argue that the maximum sentence provision of KRS 532.110(1)(c) is applicable to this subsequently enacted, purposeful statute simply is not correct. The singling out of paroled felons for the special treatment set out in KRS 533.060(3) mandates us to rule that the maximum sentence provision of KRS 532.110(1)(c) is not applicable to those individuals who fall within the terms of KRS 533.060(3).

We therefore affirm the judgment of the trial court.

GANT, STEPHENSON and WINTERSHEIMER, JJ., concur.

LEIBSON, and AKER, JJ., dissent.

LEIBSON, Justice, dissenting.

I disagree with the majority opinion in this case for two reasons. First, I dissent from the view that KRS 533.060(2) overrides KRS 532.110(1)(c), and mandates that the sentences for the various offenses committed by the appellant while on parole run consecutively. Second, in my view the conviction of the defendant for both theft and receiving stolen property, which was not discussed in the majority opinion, was double jeopardy.

In a multiple count indictment appellant has been convicted of separate offenses, with each sentence enhanced as a persistent felony offender, and each sentence to run consecutively. KRS 532.110(1)(c) provides that in such circumstances:

"The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed."

In this case the most serious offense is a class "C" felony, and the "longest extended term which would be authorized" after enhancement as a PFO is twenty (20) years. Appellant has been sentenced to eighty (80) years.

The majority holds that the provisions of KRS 532.110(1)(c) are overridden by KRS 533.060(2), which is part of KRS Chapter 533, "Probation and Conditional Discharge." In my view the provisions in KRS 533.060 are directed to the fact that sentences for new offenses shall not run concurrently with past offenses for which the defendant is on parole. A reasonable interpretation of the phrase "with any other sentence," (KRS 533.060(2)) is that "any other sentence" means the unserved portion of the sentence for the felony for which probation or parole should be revoked.

The majority has taken the phrase "with any other sentence" and extended it beyond the context and statutory framework where it is found. If there were a reasonable argument to the contrary, such ambiguity

in a sentencing statute should be resolved in favor of the defendant.

KRS 532.110 was amended and reenacted in 1982, retaining the same language requiring concurrent sentencing as to multiple convictions for new offenses as previously existed. It is difficult to maintain that the statute does not mean what it says in these circumstances. It says "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." In this case it means that the aggregate of consecutive indeterminate sentences shall not exceed twenty (20) years.

Appellant was convicted of both theft of a pie safe and dishes and of knowingly receiving the same property. We have affirmed the conviction following *Sutton v. Commonwealth,* Ky., 623 S.W.2d 879 (1981). *Sutton* holds that the legislative change in terminology describing the offense of receiving stolen property permits one who steals property to be convicted of both theft and knowingly receiving. *Sutton* states:

> "KRS 514.110(1) applies to a person who 'receives, retains or disposes of movable property of another knowing that it has been stolen.' Literally, it covers the thief who retains or disposes of property he has stolen himself."

*Sutton* states further:

> "The facts of (*Sutton*) illustrate the wisdom of so construing the law. Sutton was apprehended in Edmonson County with various items of property he had stolen in three other counties. To hold that he could be prosecuted only in the other three counties would result in a great deal of unnecessary expense, inconvenience and waste of time to reach the same end."

In my view *Sutton* was result-oriented, and the present case shows the difficulty in such an approach. I interpret the action of the legislature in broadening the language describing receiving stolen property to include the word "retaining" was nothing more than an effort to avoid technicalities that otherwise exist in use of the word "receiving" without further explanation. It was not intended to permit carving multiple offenses out of a single criminal act. In every case where a theft occurs, there is some element of retaining. I find the conclusion that the legislature intended the thief to be prosecuted for both offenses to be unreasonable. I believe that carving the offense as described into two offenses is not what the legislature intended, and is a multiple conviction for a single criminal transaction. I would limit *Sutton* to the fact situation in that case.

AKER, J., joins in this dissent.