Oliver James GAITHER (a/k/a James Oliver Tucker), Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

James Oliver GAITHER (a/k/a James Oliver Tucker), Appellant,

v.

COMMONWEALTH of Kentuckey, Appellee.

Nos. 96–SC–437–MR, 96–SC–438–MR.

Supreme Court of Kentucky.

Oct. 30, 1997.

As Modified on Denial of Rehearing April 16, 1998.

Daniel T. Goyette, Jefferson District Public Defender, Frank W. Heft, Jr., Chief Appellate Defender, Jefferson District Public Defender, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

JOHNSTONE, Justice.

The sole issue we must decide in these appeals is whether KRS 532.110(4) creates an exception to the sentencing limit set forth in KRS 532.110(1)(c). We find that it does.

Appellant was charged in one indictment with possession of a firearm by a convicted felon (a Class C felony); theft by unlawful taking over $300 (a Class D felony); three counts of receiving stolen property over $300 (all Class D felonies); and with being a first-degree persistent felony offender. In a separate indictment, Appellant was charged with second-degree escape (a Class D felony) and, again, PFO I. Appellant pled guilty to all charges. The plea agreement provided that Appellant would be released on his own recognizance pending sentencing, and that the two PFO I charges against Appellant would be dismissed "if, only if," Appellant appeared for sentencing. If Appellant appeared for sentencing, he would be sentenced to ten years; if he did not appear, he would be sentenced to two consecutive twenty-year terms. Appellant did not appear for sentencing and was sentenced to two consecutive twenty-year terms. Appellant now argues that this sentence is barred by the plain meaning of KRS 532.110(1)(c), which provides:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, ... the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

. . . .

(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

Because the highest class of crime committed by Appellant was a Class D felony, the maximum sentence authorized under KRS 532.110(1)(c) was twenty years. *See also* KRS 532.080(6)(b). However, the trial court found that KRS 532.110(4) required that the sentence imposed for the escape offense be served *consecutively* with the sentences imposed from the other indictment, for a total of forty years.

■ Initially we note that this appeal is proper, even though Appellant voluntarily assented to the terms of the plea agreement and unconditionally pled guilty to the offenses charged. *See Hughes v. Commonwealth*, Ky., 875 S.W.2d 99, 100 (1994). The basis of Appellant's argument is that the trial court did not have the authority to impose the sentence it did. Sentencing is jurisdictional. *Wellman v. Commonwealth*, Ky., 694 S.W.2d 696, 698 (1985). Subject matter jurisdiction may be raised at any time and cannot be consented to, agreed to, or waived by the parties. *See Commonwealth Health Corporation v. Croslin*, Ky., 920 S.W.2d 46, 47 (1996); *Thompson v. Commonwealth*, 266 Ky. 529, 99 S.W.2d 705, 706 (1936).

■ The trial court imposed the consecutive sentence for the escape offense pursuant to KRS 532.110(4). The pertinent part of this statute states:

*Notwithstanding any provision in this section to the contrary, ...* [t]he sentence imposed upon any person convicted of an escape or attempted escape offense shall run consecutively with any other sentence which the defendant must serve.

(Emphasis added). The language of this section is unequivocal. The legislature obviously intended this section to be an exception to the other provisions of the statute.

In *Devore v. Commonwealth*, Ky., 662 S.W.2d 829, *cert. denied*, 469 U.S. 836, 105 S.Ct. 132, 83 L.Ed.2d 72 (1984), the issue was whether a sentence imposed pursuant to KRS 533.060(2) was constrained by the sentencing limits of KRS 532.110(1)(c). We found that it was not. In our discussion, we examined the impact of KRS 532.110(3) and determined that it created an exception to the sentencing maximum set forth in KRS 532.110(1)(c):

The impact of KRS 532.110(3) and KRS 532.060(2), one enacted contemporaneously with KRS 532.110(1)(c) and the other enacted two years later, is to single out and authorize special treatment to those felons who commit felonies while on parole. In KRS 532.110(3) when a defendant commits any crime while on parole, the parole board may direct that additional time may be served, and in such event, that time shall run concurrently, unless the sentencing court (in the case of the second crime) shall order the sentences to run consecutively.

This section of the statute modifies the limit, or cap, placed on the sentence maximum set out in Section (1)(c) of KRS 532.110.

*Devore*, 662 S.W.2d at 830–31 (emphasis omitted).

The language of KRS 532.110(4) is even more explicit in creating an exception to the sentencing maximum of Section (1)(c) than the language of KRS 532.110(3). The impact, of course, is to mandate consecutive sentencing for escape offenses and modify the sentencing maximum set forth in KRS 532.110(1)(c). *See, e.g., Devore, supra.* We note further that Section (1)(c) and Section (4) of KRS 532.110 were enacted contemporaneously, and that Section (1)(c) has not been changed since it was enacted in 1976. However, Section (4) has been twice changed by the legislature. In 1982, the legislature added this sentence to Section (4): "Provided, however, that the sentence imposed upon any person convicted of an escape or attempted escape offense shall run consecutively with any other sentence which the defendant must serve." 1982 Ky.Acts 405, p. 1371. In 1992, the words "[p]rovided, however, that" were struck from the statute. 1992 Ky.Acts 211, p. 576.

Appellant also argues that, even if Section (4) requires that the escape sentence run consecutively with his other sentence, the legislature did not intend for the *enhanced PFO sentence* to run consecutively. Thus, he contends that the maximum consecutive sentence which can be imposed is five years (the sentence imposed for the escape offense pursuant to the plea agreement). However, the sentence in *Devore* was also enhanced under the PFO statute. We found no such constraints in *Devore,* and we find none here.

KRS 532.080 provides that the sentence for a persistent felony offender shall be *in lieu* of the sentence imposed for the principal offense. The plea agreement set the escape sentence at five years. This sentence was enhanced to twenty years pursuant to KRS 532.080. The sentence of twenty years was the sentence imposed for the escape offense within the meaning of KRS 532.110(4). KRS 532.110(4) mandates that a sentence imposed for an escape or attempted escape "shall run consecutively with any other sentence which the defendant must serve."

The judgments of the Jefferson Circuit Court are affirmed.

All concur.