NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0322n.06

Case Nos. 15-6025

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BENJI MANNS, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Jun 09, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| GARY BECKSTROM, Warden, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

PER CURIAM. A Kentucky jury convicted Benji Manns of three counts of first degree trafficking in hydromorphone, oxycodone, and morphine. It also found him to be a persistent felony offender, which led to a total sentence of 60 years' imprisonment. The Kentucky Supreme Court affirmed on direct appeal and later denied review when Manns collaterally attacked his conviction in state court. Manns then filed a federal habeas petition. The district court denied it, and we granted a certificate of appealability on his ineffective assistance of trial and appellate counsel claims. We now affirm because Manns' claims cannot succeed on the merits, even if we excused his procedural default.

I.

In February 2005, an undercover detective sat in a car with Manns and gave him $40 for drugs. Manns went into a house and returned with pills in hand—two pills were oxycodone ($15 each), and the rest, he said, were morphine (worth $10). The morphine turned out to be hydromorphone. But later in February, Manns did in fact sell morphine to a detective. In June, a grand jury indicted him, and a petit jury later convicted him, of three counts of first-degree drug trafficking for hydromorphone, oxycodone, and morphine. Of import to his sentence, the jury also convicted him of being a first-degree persistent felony offender. The judge imposed the minimum penalty: twenty years on each count, to run consecutively.

On direct appeal, Manns raised five issues but did not argue that the court should overrule *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky. 1984), which required the trial judge to impose consecutive sentences. The Kentucky Supreme Court overruled *Devore* seventeen days after Manns filed his reply brief. *Peyton v. Commonwealth*, 253 S.W.3d 504, 510–11 (Ky. 2008). But it nonetheless affirmed Manns' conviction and sentence three months later. *Manns v. Commonwealth*, No. 2006-SC-929-TG, 2008 WL 3890350 (Ky. Aug. 21, 2008). Manns cited *Peyton* and challenged the application of *Devore* to his sentence for the first time in his petition for rehearing, which the Kentucky Supreme Court denied.

On collateral review in state court, Manns raised numerous issues. But he did not argue that his trial counsel was ineffective for failing to challenge the indictment under Kentucky's double jeopardy clause, and he did not argue that appellate counsel was ineffective for failing to raise a challenge to *Devore* prior to the petition for rehearing. The Kentucky trial court denied his petition. The Kentucky Court of Appeals affirmed. And the Kentucky Supreme Court denied review.

2

Manns filed a federal habeas petition. *See* 28 U.S.C. § 2254. The district court denied it. We then granted a certificate of appealability on two issues: (1) whether trial counsel was constitutionally ineffective for failing to raise a double jeopardy challenge to the indictment; and (2) whether appellate counsel was constitutionally ineffective for failing to challenge *Devore* in the initial briefing to the Kentucky Supreme Court.

## II.

All agree that Manns failed to raise both ineffective-assistance claims in the state courts on collateral review. Manns argues that we should excuse both procedural defaults under *Martinez v. Ryan*, 566 U.S. 1, 13–15 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), and our decision in *Woolbright v. Crews*, 791 F.3d 628, 636 (6th Cir. 2015). But we need not wade in to those possibilities because neither claim can succeed on the merits.

*Ineffective assistance of trial counsel.* Counsel was constitutionally ineffective only if the representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Manns' claim fails because he was not prejudiced by his counsel's allegedly unreasonable failure to raise a double jeopardy challenge to the indictment.

Manns does not argue that his indictment violated the federal double jeopardy test, under which each statutory crime must have an element the other does not for the government to charge separate offenses. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). And he indeed could not succeed on such a claim. *See United States v. Pope,* 561 F.2d 663, 669 (6th Cir. 1977) (upholding multiple counts arising from single sale of multiple substances).

He instead bases his claim on the Kentucky constitution's double jeopardy clause. When state law offers criminal defendants more extensive protections than federal law, counsel's

failure to bring a cognizable claim under state law can violate the federal right to effective assistance of counsel. *Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010). But Kentucky's double jeopardy protections were no broader than the federal constitution's when Manns was convicted. Manns claims that the Kentucky Supreme Court's decision in *Commonwealth v. Grubb*, 862 S.W.2d 883, 884 (Ky. 1993), was good law at the time of his trial, that it precluded multiple charges when two separate substances of the same schedule were sold in a single transaction, and that his trial lawyer was ineffective for failing to raise that objection. As in Manns' case, the prosecution in *Grubb* charged multiple counts based on a single sale involving more than one Schedule II narcotics. The Kentucky Supreme Court invalidated the multiple convictions on double jeopardy grounds. But that decision arose during a short-lived expansion of Kentucky double jeopardy doctrine that began with *Ingram v. Commonwealth*, 801 S.W.2d 321 (Ky. 1990), and ended with *Commonwealth v. Burge*, 947 S.W.2d 805 (Ky. 1996). During that period, a defendant could not be punished more than once for "a single impulse and a single act, having no compound consequences." *Ingram*, 801 S.W.2d at 324.

By the time of Manns' trial, however, the Kentucky Supreme Court had already overruled *Ingram*'s "single impulse" test and "declare[d] that double jeopardy issues arising out of multiple prosecutions henceforth will be analyzed in accordance with the [traditional] principles set forth in *Blockburger*"—a test under which Manns does not claim he could prevail. *Burge*, 947 S.W.2d at 811. It is true that *Burge* declined to expressly overrule *Grubb* because, it said then, *Grubb*'s result could be reached under *Blockburger* too. But Kentucky's straightforward application of *Blockburger* was already the law of the State. And the Kentucky Supreme Court later clarified that *Grubb* indeed "primarily relied on the 'single impulse' test established in *Ingram v. Commonwealth,* which was later overruled." *Early v. Commonwealth*,

470 S.W.3d 729, 739 (Ky. 2015). That holding demonstrates that, even if Manns' counsel was deficient, he was not prejudiced by the absence of a state-law double jeopardy objection.

*Ineffective assistance of appellate counsel.* Manns' ineffective appellate counsel claim suffers a similar flaw. Even if we assume for the sake of argument that *Martinez* and *Trevino* extend to appellate counsel claims, *see Davila v. Davis*, 137 S. Ct. 810 (2017) (mem.) (granting cert), and even if we assume that his procedural default could be excused under that standard, Manns cannot establish deficient performance under *Strickland*.

Manns claims that his appellate counsel on direct appeal was constitutionally ineffective for failing to challenge *Devore*'s consecutive-sentence requirement in the Kentucky Supreme Court. But under *Strickland*'s "highly deferential" standard, his appellate counsel's decision to decline to ask a state supreme court to overrule itself was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. There was little indication that other Kentucky courts had questioned *Devore*'s soundness prior to its overruling in *Peyton*. In fact, Kentucky courts consistently reaffirmed the *Devore* principle in the intervening twenty-four years. *See, e.g.*, *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004); *Meade v. Commonwealth*, No. 2006-CA-20-MR, 2006 WL 2848050, at *2 (Ky. Ct. App. Oct. 6, 2006); *Rowan v. Commonwealth*, No. 2003-CA-690-MR, 2004 WL 1857152, at *1 (Ky. Ct. App. Aug. 20, 2004). There were clear strategic reasons to avoid wasting time or valuable briefing space on what was likely to be a losing issue. And Manns' counsel raised the point immediately after the Kentucky Supreme Court changed its mind. Because his counsel's representation did not fall below an "objective standard of reasonableness," Manns' Sixth (and Fourteenth) Amendment rights remained intact. *Strickland*, 466 U.S. at 688.

For these reasons, we affirm.

**HELENE N. WHITE, Circuit Judge, dissenting**. I respectfully dissent.

Like the district court, the majority rejects Manns's ineffective assistance of trial counsel claim on the ground that *Commonwealth v. Grubb*, 862 S.W.2d 883 (Ky. 1993), was no longer good law when Manns went to trial. This conclusion is based on the syllogism that *Grubb* was based on the single-impulse test adopted in *Ingram v. Commonwealth*, 801 S.W.2d 321 (Ky. 1990); the *Ingram* test was abandoned for the *Blockburger*[1] test in *Commonwealth v. Burge*, 947 S.W.2d 805 (Ky. 1996); charging multiple offenses does not violate *Blockburger*; therefore, the multiple charges did not violate Kentucky law and counsel was not ineffective for failing to challenge the indictment or multiple convictions. I have no quarrel with the logic of the majority's position. The problem is that the Kentucky Supreme Court has never followed this path, and has adhered to *Grubb*.

## Ineffective Assistance of Trial Counsel (IATC)

After Grubb sold undercover police officers ten Percodan and two Dilaudid pills, both Schedule II narcotics, in a single transaction, officers returned to Grubb's residence with a search warrant and recovered additional drugs. Grubb was convicted on four drug-trafficking counts. 862 S.W.2d at 884. The Kentucky Court of Appeals reversed the convictions on the two counts that arose from the transactions already covered by other counts. The Kentucky Supreme Court granted discretionary review and affirmed:

> The Court of Appeals reversed the conviction of Counts 3 and 5 and held the double jeopardy clause of the Kentucky Constitution forbids conviction of more than one offense when all the drugs involved are contained (listed) within the same statutory schedule of controlled substances. The issue articulated by the Court of Appeals is whether multiple sentences for drug trafficking may be imposed under the "compound consequences" prong of the *Ingram* test (arising from *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 [1990]), when the

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932).

6

defendant has trafficked in different named substances but which are criminalized in the same schedule (statute).

KRS 218A.060 and 218A.070 place[] the substances Percodan and Dilaudid in Schedule II . . . . The language of the statutes reflects that the legislature did not create a separate crime with respect to each forbidden substance contained in the same schedule. Certainly a punishment must be fixed clearly and without ambiguity and any doubt will be resolved against turning a single transaction into multiple offenses. *Bell v. United States*, 349 U.S. 81 (1955).
. . . .

A single sales transaction between the same principals at the same time and place which violates a single statutory provision does not justify conviction or a sentence for separate crimes, even though more than one item of a controlled substance (of the same schedule) is involved.

Said otherwise, the simultaneous unlawful possession (sale) of the same scheduled narcotic drugs giving rise to separate offenses results in fractionalizing the statute. We would soon arrive at the threshold of declaring that a single criminal transaction could be broken into multiple offenses based upon the total number of pills that were recovered, a manifestly absurd result.
. . . .

[] *Ingram* . . . made clear that [this court] has adopted a broader view of double jeopardy [than the Commonwealth advocates]. Resultantly, Section 13 of the Kentucky Constitution would permit the Commonwealth to carve out of a single episode the most serious offense, but not to punish a single episode as a multiple offense. In effect that case, as this one, presents a single impulse act having no compound consequences. We have determined that it may be justifiable . . . to impose separate punishments for the possession of different classes (schedules) of drugs on the ground that different items clearly present different threats to society.

862 S.W.2d at 884–85.

In the instant case, the district court determined that because *Ingram* had been overruled,

*Grubb* no longer stood on solid footing:

*Grubb* did stand for the proposition, under Kentucky law, at least, that (as to the statutory version in effect at the time of *Grubb*) one instance of trafficking in various substances under the same schedule should not support multiple charges. *See id.* at 884–85. Manns faced separate charges, in Counts 1 and 2, for trafficking different controlled substances (but within the same schedule) on one factual occasion. However, [*Grubb*] rested on *Ingram v. Commonwealth*, 801 S.W.2d 321, 324–25 (Ky. 1990). Kentucky overruled *Ingram* later that decade in *Commonwealth v. Burge*, 947 S.W.2d 805, 811 (Ky. 1996). [] Kentucky, for double jeopardy analysis, dropped its single instance analysis in

cases like *Ingram* and embraced the federal *Blockburger* analysis set forth in *Burge*. [*Hatcher v. Commonwealth*, 310 S.W.2d 691, 697 (Ky. Ct. App. 2010)] ("The Kentucky Supreme Court has overruled *Ingram* and adopted the 'distinct element' test of *Blockburger v. United States*, 52 S. Ct. 180 (1932)."). *Grubb* undoubtedly centered on *Ingram*. *See Grubb*, 862 S.W.2d at 887 (Wintersheimer, J., dissenting) ("The majority chooses to base its decision on the double jeopardy analysis provided by *Ingram* []"). Manns's argument treats *Grubb* as definitive, but by the time of his trial (and his RCr 11.42), *Grubb* no longer stood on solid footing. This being the only argument presented, Manns fails to raise a *Strickland* issue of substantial merit. Fair-minded jurists would not reasonably debate the merit of an argument, eschewed by counsel, premised on a case of doubtful continuing vitality.

PID 504–05 (Mag. J. Recommended Disposition, adopted by Dist. Ct.).

The problem with the district court's and the majority's reasoning is that not only has the Kentucky Supreme Court never abandoned *Grubb*, it has approved it in the years since *Ingram*. In *Burge*, which overruled *Ingram*'s single-impulse rule and adopted the *Blockburger* test, the Kentucky Supreme Court observed that *Grubb* would have satisfied the *Blockburger* test:

> In [*Grubb*], we cited *Ingram* in holding that a defendant could not be convicted of selling multiple items of different controlled substances of the same schedule. The same result could have been reached by application of the *Blockburger* "same elements" test, since the sales all violated the same statute.

*Burge*, 947 S.W.2d at 810. Then, in 2011, fifteen years after *Burge* was decided, the Kentucky Supreme Court cited *Grubb* in *Jones v. Commonwealth*, 331 S.W.3d 249, 251 n.1 (Ky. 2011), explaining why Jones was charged with only one count for delivering two listed substances at the same time. The Court explained: "The alprazolam and clonazepam purchased during the second buy constituted only one transaction because they are both Schedule IV narcotics. *See Commonwealth v. Grubb*, 862 S.W.2d 883 (Ky. 1993)." Further, Kentucky's Criminal Practice and Procedure Series continues to cite *Grubb* and repeat the proposition that "multiple sentences for a single drug transaction of drug trafficking may not be imposed when the defendant has

trafficked in different named substances which are criminalized in the same schedule."[2] Thus, I cannot agree that *Grubb* was no longer the law in Kentucky when Manns was tried.

Manns's claim that trial counsel was deficient in failing to challenge the indictment is meritorious. As for prejudice, counsel's failure to object to the duplicative count resulted in Manns being convicted of a third count and being sentenced to an additional and consecutive twenty years; thus counsel's performance prejudiced the trial's outcome.

**Ineffective Assistance of Appellate Counsel (IAAC)**

Decided in 1984, *Devore*, 662 S.W.2d 829 (Ky. 1984), held that Ky. Rev. Stat. Ann. § 533.060(2) required that sentences for felonies committed while on parole run consecutively to each other, in addition to the sentence for the paroled offense. *Devore* remained the law until it was overruled in *Peyton v. Commonwealth*, 253 S.W.2d 504 (Ky. 2008), which held that the newly imposed sentences must run consecutively to a paroled offense, but the sentencing court has discretion to run the new sentences either concurrently or consecutively to each other. 253 S.W.2d at 511–12. *Peyton* became final while Manns's appeal was pending before the Kentucky Supreme Court.

Appellate counsel first challenged *Devore* in a petition for rehearing and/or extension filed after the Kentucky Supreme Court affirmed Manns's convictions. Appellate counsel argued the court should reverse and remand for a new trial, or remand for resentencing in accordance with *Peyton*, or allow the parties to brief and/or hear argument on the issues presented in the petition for rehearing. PID 52. The Kentucky Supreme Court denied Manns's

---

[2] 8 Kentucky Practice Series, Criminal Practice and Procedure § c14.16 n.3 (5th ed.) (updated Nov. 2016) (citing both *Burge* and *Grubb*). Kentucky secondary sources recognize that *Grubb* is not one of the seven cases overruled in *Burge*. *See* Trial Handbook for Kentucky Lawyers § 10:1 n. 23-31 (2016-2017 ed.).

petition for rehearing without comment: "The Petition for Rehearing filed by the Appellant, Benji Manns, is DENIED." PID 53.

## A.

Manns's habeas petition argued that appellate counsel was ineffective for failing to argue that *Devore* incorrectly interpreted Ky. Rev. Stat. § 533.060(2) in *initial briefing* on direct appeal to the Kentucky Supreme Court. On appeal, Manns asserts that although *Peyton* had not been decided when Manns was sentenced, given trial counsel's vigorous argument that the court had discretion to impose a concurrent sentence, appellate counsel should have argued that *Devore* was wrongly decided. Manns notes that the trial court invited an appeal of that issue when it stated, "Mr. Manns certainly has the right to appeal that decision and maybe make new law but based on the law we have now [*Devore*] is the reason for my decision."

Further, Manns asserts that appellate counsel submitted her reply brief on May 5, 2008, just seventeen days before *Peyton* was decided, and that appellate counsel therefore did not need to wait until a petition for rehearing to request that *Peyton* be applied because she could have asked to supplement her reply brief with additional law after *Peyton* was decided. *See* Appellant Br. at 15.

## B.

The majority concludes that appellate counsel was not ineffective for failing to challenge *Devore*'s consecutive sentencing requirement because there was no reason to believe that the Kentucky Supreme Court would overrule itself after twenty-four years, and counsel raised the issue immediately after the Supreme Court changed its mind. As to the second point, the Supreme Court decided *Peyton* on May 22, 2008, and that decision became final on June 12, 2008. The Kentucky Supreme Court denied Manns's appeal on August 21, 2008, and counsel

filed the motion for rehearing on September 10, 2008. Thus counsel had over two months to seek leave to file a supplemental brief calling the court's attention to *Peyton* and to trial counsel's repeated objections to the consecutive sentences. This was a crucial omission given that the Kentucky Supreme Court will not consider an error raised for the first time in a petition for rehearing:

> That unraised issues are treated as waived is also why a petition for rehearing would have likely been insufficient in this case, even though that is the ordinary route for a party to challenge a portion of one of this Court's opinions. The rehearing rule itself specifically limits a petition for rehearing "to a consideration of the issues argued on the appeal," CR 76.32(b), "[e]xcept in extraordinary cases when justice demands it," *id*. As a result, error raised for the first time in a petition for rehearing will not be considered. *See Reed v. Reed*, 457 S.W.2d 4 (Ky. 1969); *Commonwealth, Dept. of Highways v. Thomas*, 427 S.W.2d 213, 217 (Ky. 1967); *Herrick v. Wills*, 333 S.W.2d 275, 276 (Ky. 1959). Thus, even if Johnson had raised this issue in a petition for rehearing, his failure to raise it in the original briefs would have amounted to a waiver.

*Johnson v. Commonwealth*, 450 S.W.3d 707, 713 (Ky. 2014).

Manns received three consecutive twenty-year sentences under circumstances where trial counsel argued for concurrent sentences and the trial court declared itself bound by *Devore*. Given that the issue was clearly preserved and a favorable ruling would have resulted in a resentencing that might have reduced Manns's sentence, appellate counsel should have at a minimum, sought leave to add a claim under *Peyton* before the Kentucky Supreme Court decided Manns's appeal. Competent appellate counsel should keep abreast of relevant appellate court decisions issued between briefing and decision. *See* ABA Model Rules of Professional Conduct 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the

representation.") and 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.").[3]

For these reasons, I conclude that Manns's ineffective assistance claims are substantial. On his IATC claim, Manns is entitled to have his conviction and sentence for one of the two counts related to the February 9, 2005 buy vacated; on his IAAC claim, Manns is entitled to resentencing because the state trial judge had discretion to run the sentences on the remaining two convictions either concurrently or consecutively with each other.

---

[3] Kentucky adopted the ABA Model Rules of Professional Conduct in 1989. *See* https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_profession al_conduct/alpha_list_state_adopting_model_rules.html. Ky. Rules of Professional Conduct, SCR 3.130(1.1), comments (5) and (6) provide, "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem . . . " and "To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice . . ."