PER CURIAM.
A Kentucky jury convicted Benji Manns of three counts, of first degree trafficking in hydromorphone, oxycodone, and morphine. It also found him to be a persistent felony offender, which led to a total sentence of 60 years’ imprisonment. The Kentucky Supreme Court affirmed on direct appeal and later denied review when Manns collaterally attacked his conviction in state court. Manns then filed a federal habeas petition. The district court denied it, and we granted a certificate of appeala-bility on his ineffective assistance of trial and appellate counsel claims. We now affirm because Manns’ claims cannot succeed on the merits, even if we excused his procedural default.
I.
In February 2005, an undercover detective sat in a car with Manns and gave him $40 for drugs. Manns went into a house and returned with pills in hand—two pills were oxycodone ($15 each), and the rest, he said, were morphine (worth $10). The morphine turned out to be hydromor-phone. But later in February, Manns did in fact sell morphine to a detective. In June, a grand jury indicted him, and a petit jury later convicted him, of three counts of first-degree drug trafficking for hydromorphone, oxycodone, and morphine. Of import to his sentence, the jury also convicted him of being a first-degree persistent felony offender. The judge imposed the minimum penalty: twenty years on each count, to run consecutively.
On direct appeal, Manns raised five issues but did not argue that the court should overrule Devore v. Commonwealth, 662 S.W.2d 829 (Ky. 1984), which required the trial judge to impose consecutive sentences. The Kentucky Supreme Court overruled Devore seventeen days after Manns filed his reply brief. Peyton v. Commonwealth, 253 S.W.3d 504, 510-11 (Ky. 2008), But it nonetheless affirmed Manns’ conviction and sentence three months later. Manns v. Commonwealth, No. 2006-SC-929-TG, 2008 WL 3890350 (Ky. Aug. 21, 2008). Manns cited Peyton and challenged ' the application of Devore to his sentence for the first time in his petition for rehearing, which the Kentucky Supreme Court denied.
On collateral review in state court, Manns raised numerous issues. But he did not argue that his trial counsel was ineffec *885 tive for failing to challenge the indictment under Kentucky’s double jeopardy clause, and he did not argue that appellate counsel was ineffective for failing to raise a challenge to Devore prior to the petition for rehearing. The Kentucky trial court denied his petition. The Kentucky Court of Appeals affirmed. And the Kentucky Supreme Court denied review.
Manns filed a federal habeas petition. See 28 U.S.C. § 2254. The district court denied it. We then granted a certificate of appealability on two issues: (1) whether trial counsel was constitutionally ineffective for failing to raise a double jeopardy challenge to the indictment; and (2) whether appellate counsel was constitutionally ineffective for failing to challenge Devore in the initial briefing to the Kentucky Supreme Court.
II.
All agree that Manns failed to raise both ineffective-assistance claims in the state courts on collateral review. Manns argues that we should excuse both procedural defaults under Martinez v. Ryan, 566 U.S. 1, 13-15, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, 569 U.S. 413, 133 S.Ct. 1911, 1921, 185 L.Ed.2d 1044 (2013), and our decision in Woolbright v. Crews, 791 F.3d 628, 636 (6th Cir. 2015). But we need not wade in to those possibilities because neither claim can succeed on the merits.
Ineffective assistance of trial counsel. Counsel was constitutionally ineffective only if the representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Manns’ claim fails because he was not prejudiced by his counsel’s allegedly unreasonable failure to raise a. double jeopardy challenge to the indictment.
Manns does not argue that his indictment violated the federal double jeopardy test, under which each statutory crime must have an element the other does not for the government to charge separate offenses. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). And he indeed could not succeed on such a claim. See United States v. Pope, 561 F.2d 663, 669 (6th Cir. 1977) (upholding multiple counts arising from single sale of multiple substances).
He instead bases his claim on the Kentucky constitution’s double jeopardy clause. When state law offers criminal defendants more extensive protections than federal law, counsel’s failure to bring a cognizable claim under state law can violate the federal right to effective assistance of counsel. Goff v. Bagley, 601 F.3d 445, 464 (6th Cir. 2010). But Kentucky’s double jeopardy protections were no broader than the federal constitution’s when Manns was convicted. Manns claims that the Kentucky Supreme Court’s decision in Commonwealth v. Grubb, 862 S.W.2d 883, 884 (Ky. 1993), was good law at the time of his trial, that it precluded multiple charges when two separate substances of the same schedule were sold in a single transaction, and that his trial lawyer was ineffective for failing to raise that objection. As in Manns’ case, the prosecution in Grubb charged multiple counts based on a single sale involving more than one Schedule II narcotics. The Kentucky Supreme Court invalidated the multiple convictions on double jeopardy grounds. But that decision arose during a short-lived expansion of Kentucky double jeopardy doctrine that began with Ingram v. Commonwealth, 801 S.W.2d 321 (Ky. 1990), and ended with Commonwealth v. Burge, 947 S.W.2d 805 (Ky. 1996). During that period, a defendant could not be *886 punished more than once for “a single impulse and a single act, having no compound consequences.” Ingram, 801 S.W.2d at 324.
By the time of Manns’ trial, however, the Kentucky Supreme Court had already overruled Ingram’s “single impulse” test and “declare[d] that double jeopardy issues arising out of multiple prosecutions henceforth will be analyzed in accordance with the [traditional] principles set forth in Blockburger”—a test under which Manns does not claim he could prevail. Burge, 947 S.W.2d at 811. It is true that Burge declined to expressly overrule Grubb because, it said then, Grubb’s result could be reached under Blockburger too. But Kentucky’s straightforward application of Blockburger was already the law of the State. And the Kentucky Supreme Court later clarified that Grubb indeed “primarily relied on the ‘single impulse’ test established in Ingram v. Commonwealth, which was later overruled.” Early v. Commonwealth, 470 S.W.3d 729, 739 (Ky. 2015). That holding demonstrates that, even if Manns’ counsel was deficient, he was not prejudiced by the absence of a state-law double jeopardy objection.
Ineffective assistance of appellate counsel. Manns’ ineffective appellate counsel claim suffers a similar flaw. Even if we assume for the sake of argument that Martinez and Trevino extend to appellate counsel claims, see Davila v. Davis, — U.S. -, 137 S.Ct. 810, 196 L.Ed.2d 597 (2017) (mem.) (granting cert), and even if we assume that his procedural default could be excused under that standard, Manns cannot establish deficient performance under Strickland.
Manns claims that his appellate counsel on direct appeal was constitutionally ineffective for failing to challenge Devore’s consecutive-sentence requirement in the Kentucky Supreme Court. But under Strickland’s “highly deferential” standard, his appellate counsel’s decision to decline to ask a state supreme court to overrule itself was not “outside the wide range of professionally competent assistance.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052. There was little indication that other Kentucky courts had questioned Devore’s soundness prior to its overruling in Pey-ton. In fact, Kentucky courts consistently reaffirmed the Devore principle in the intervening twenty-four years. See, e.g., Cosby v. Commonwealth, 147 S.W.3d 56, 59 (Ky. 2004); Meade v. Commonwealth, No. 2006-CA-20-MR, 2006 WL 2848050, at *2 (Ky. Ct. App. Oct. 6, 2006); Rowan v. Commonwealth, No. 2003-CA-690-MR, 2004 WL 1857152, at *1 (Ky. Ct. App. Aug. 20, 2004). There were clear strategic reasons to avoid wasting time or valuable briefing space on what was likely to be a losing issue. And Manns’ counsel raised the point immediately after the Kentucky Supreme Court changed its mind. Because his counsel’s representation did not fall below an “objective standard of reasonableness,” Manns’ Sixth (and Fourteenth) Amendment rights remained intact. Strickland, 466 U.S. at 688, 104 S.Ct. 2052.
For these reasons, we affirm.