Lindon EDWARDS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 73–74.

Court of Appeals of Kentucky.

Oct. 26, 1973.

A. P. Gullett, III, Cooper & Gullett, Hazard, for appellant.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

The appellant, Lindon Edwards, was convicted of possession and sale of a dangerous drug. Punishment was fixed at three years' confinement in the penitentiary. His sole claim of error on this appeal is that the trial court improperly admitted into evidence a statement, which a police officer asserted was volunteered. It is Edwards' contention that the statement was inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Edwards was indicted in July 1972. An arrest warrant was issued and sent to the police in Dayton, Ohio, where he was then living and working. He was arrested in Dayton on Friday afternoon, August 11, 1972. On Sunday, August 13, 1972, officer Reynolds and officer Mullins of the Hazard Police Department picked Edwards up at the Dayton, Ohio, jail. Officer Reynolds testified that he had known Edwards all of his life. Reynolds testified that he gave no Miranda warnings to Edwards. He said Edwards made no statement when the officers picked him up or as he was leaving the jail. Edwards was seated alone in the back seat of the police car and the officers rode in the front seat. Officer Mullins was the driver.

According to Reynolds' testimony, he asked Edwards how he was getting along and if he was glad to get out of jail. At some time in the conversation, either before or after the statement to which Edwards directs his objection, Reynolds asked Edwards if he still had his motorcycle and if he belonged to the motorcycle gang in Dayton. Reynolds said that after about five minutes of the trip had elapsed Edwards spontaneously stated, "that the first Goddam time he ever done something like this he got caught. He also said that he had bought 100 of these sunshine pills for $50, and brought them to Hazard and sold them for $3 a piece." Reynolds stated that he did not attempt to interrogate Edwards or ask him any questions; that he did not lead Edwards to believe that he was required to make any statement; that the statement by Edwards was voluntarily made and was completely unsolicited, and that the only way he could have prevented

the statement would have been to cover his ears.

Edwards argues that the decision in Miranda v. Arizona completely prohibits the introduction of this inculpatory statement. The Miranda opinion made clear, however, that its prohibition did not extend to any statement given freely and voluntarily without any compelling influences. It specifically stated that volunteered statements of any kind were not barred by the Fifth Amendment and that their admissibility was not affected by the Miranda holding. Edwards testified in his own defense and, although he admitted that he was with the prosecuting witness (purchaser of the drug) on the occasion in question, he denied either possession or sale of the drug. He further testified that during the ride from Dayton officer Reynolds asked him why he had sold the drug to the prosecuting witness and had informed him that he would be made an example of, but that he had proclaimed his innocence on this occasion.

There is no issue concerning Edwards' being in custody when the statement was made. The issue is whether it was a voluntary statement or whether it was induced by custodial interrogation. The Supreme Court has indicated in rulings subsequent to Miranda that the exclusionary rule pronounced should not be applied to the point of absurdity. According to the evidence, in the case at bar, the statement was made in the course of an automobile trip for the purpose of transporting appellant from one jail to another after his arrest and before any interrogation was contemplated. The officer had known appellant all of his life. This was not the usual setting for custodial interrogation. As a matter of fact, the officer testified that he informed Edwards after the statement had been voluntarily made that he would come to the Hazard jail the next Monday and secure a statement from him.

In an Annotation entitled "What Constitutes 'custodial interrogation' within Rule of Miranda . . ." at 31 A.L.R.3d 565 (1970) many cases are collected. We have examined those that appear applicable to the situation where an accused defendant makes a claimed voluntary statement while riding in a police car after his arrest. The trend of these cases appears to demonstrate that the problem is a value judgment to be arrived at from an evaluation of the circumstances accompanied by a determination of credibility. In the case before us, when the total circumstances and setting are considered, it appears to us that application of a strict exclusionary rule would expand the true thrust of Miranda into the achievement of absurdity. Under the total factual picture and considering the relationship of the officer and the defendant, we conclude the issue was basically one of credibility which we cannot say the trial court erroneously resolved. We, therefore, hold that the admission of the officer's testimony concerning the appellant's statement for the jury's evaluation was not prejudicial error.

The judgment is affirmed.

All concur.