Harold Wayne TABOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 10, 1981.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Asst. Dist. Defender, Jefferson Dist. Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

The appellant, Harold Wayne Tabor, was convicted of robbery in the second degree, KRS 515.030, and of being a persistent felony offender in the first degree, KRS 532.-080. Tabor appealed to this court as a matter of right from a judgment sentencing him to an enhanced prison term of 20 years. For the reasons stated herein, we reverse.

On the afternoon of December 6, 1978, Mrs. Margaretta Stevens, age 82, was walking up the walkway to her apartment in Jefferson County carrying a bag of groceries and a purse by a strap around her wrist when a man approached her, ripped the purse off her wrist, and shoved her to the ground. The fall rendered her unconscious. She was revived sometime later by Joseph Gilleland, a patrolman from the St. Matthews Police Department called to the scene. Mrs. Stevens described her assailant as a white male, five feet nine inches in height with long blonde hair, and driving a red Volkswagen. Officer Gilleland then put out the description of the assailant and the car over his radio. Later in the day, Officer Gilleland received a call to meet the Jefferson County Police at the Plantation Shopping Center in Jefferson County where a car and driver matching the description put out by Officer Gilleland had been found.

When Officer Gilleland arrived at the Plantation Shopping Center, the appellant was in the custody of Jefferson County police detectives Joe Booth and Rick Sanders. Detective Sanders testified that he advised the appellant of his rights, questioned him about the robbery of Mrs. Stevens, and searched, with appellant's consent, a red Volkswagen that appellant said belonged to his friend, Kathy Pound. During the search Detective Sanders found a purse containing a paper bearing Mrs. Stevens' name. Mrs. Stevens identified this purse at the trial as the purse that was taken during the robbery.

The appellant was taken into custody and transported to Mrs. Stevens' apartment where she identified Tabor as the man who robbed her and pushed her to the ground. Tabor was then taken to Jefferson County police headquarters where he was interrogated by Detectives Booth and Sanders. He subsequently signed a typewritten statement in which he confessed to the robbery. This confession was introduced at trial by the Commonwealth as evidence of Tabor's guilt.

For his part, Tabor, testifying at trial in his own behalf, denied committing the robbery, denied giving his consent to search the car, and claimed that Detective Booth kicked him, hit him with fists, and stabbed him in the hands with ink pens. Tabor testified that he was coerced into signing a waiver of rights form and a confession, and that he only signed the documents so Officer Booth would stop beating and abusing him.

Trial began on October 11, 1979. On the same date, Tabor moved to suppress his signed confession because it was not made freely and voluntarily. The trial court held a hearing outside the jury's presence on the motion as called for by RCr 9.78. Such a hearing is constitutionally mandated. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The burden of persuasion at such a hearing as to the voluntariness of a confession is by a preponderance of the evidence. RCr 9.78; *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

■ On this appeal, Tabor alleges the trial court erred to his substantial prejudice when it overruled his motion to suppress the confession. Tabor claims his motion to suppress should have been granted because the prosecution failed to meet its burden of establishing the voluntariness of Tabor's statement. We agree. During the hearing on the motion to suppress, the Commonwealth called no witnesses and introduced no evidence to contradict Tabor's version of the circumstances surrounding the confession. The only evidence offered at the hearing was the appellant's testimony that he was coerced into signing a confession, and the testimony of Cornell Johnson, a counselor at the Jefferson County jail, that he observed bruises and puncture marks on Tabor's body and that Tabor told him the police had beat him up.

■ As was stated in *Lego*, supra, at 489, 92 S.Ct. at 626:

"[W]hen a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary."

We conclude that at a hearing on a motion to suppress pursuant to RCr 9.78, the prosecution must affirmatively establish the voluntariness of a confession by a preponderance of the evidence. Police officers present when the confession was given should be called to testify at the hearing, or their absences accounted for. In the present case, the Commonwealth offered no evidence to prove the voluntariness of the confession. Tabor's motion to suppress should have been granted because the Commonwealth failed to meet its burden of proof at the hearing.

■ Tabor further alleges the trial court erred by running his 20-year sentence for being a first degree persistent felony offender consecutive with a prior, entirely separate 10-year sentence for being a first degree persistent felony offender. We agree that, in this case, these sentences must run concurrently.

These consecutive indeterminate terms of 20 and 10 years respectively are enhancements of sentences Tabor received for convictions of second degree robbery, a Class C felony, and for theft of property valued over $100, a Class D Felony. KRS 532.-110(1)(c) states:

"(1) When multiple sentences of imprisonment are imposed on a defendant for more than one crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:"

\*   \*   \*   \*   \*   \*

"(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed."

The longest extended term authorized by KRS 532.080(6)(b) for a Class C felony is 20 years. Tabor's aggregate term of imprisonment may not be extended beyond what is authorized by the legislature.

The judgment of the Jefferson Circuit Court is reversed and the cause is remanded for a new trial. Upon retrial, if Tabor is convicted of second degree robbery and subsequently convicted of being a first degree persistent felony offender, the enhanced sentence received for the persistent felony offense shall run concurrently with any enhanced sentence imposed on Tabor as a result of his being previously convicted as a persistent felon in a separate persistent felony offender proceeding. KRS 532.-110(1)(c).

All concur.