Danny CRAWFORD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 91–SC–298–MR.

Supreme Court of Kentucky.

Feb. 13, 1992.

Jim M. Alexander, Appellate Public Advocate, Lexington, for appellant.

Chris Gorman, Atty. Gen., Ann Louise Cheuvront, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

In the early morning hours of April 28, 1990, the Bath County police department was contacted concerning an alleged rape. Within thirty minutes, the five-year-old victim was brought to the dispatch office. At that time, the victim was bleeding from her vaginal area and, upon questioning, named appellant as her assailant. Additionally, an eyewitness, Crystal Black, informed the police that she saw appellant on top of the victim, that his pants were unzipped and his penis was out, and that the victim was screaming. The victim was taken to a hospital where she was examined and it was ascertained that her vagina had been penetrated. The results of this examination were given to the police department, and, based on all of the information, they made a warrantless arrest of appellant. Appellant was subsequently indicted and conditionally pled guilty to first degree rape and was sentenced to life imprisonment. He now appeals as a matter of right.

As his basis for appeal, appellant first argues that his arrest was illegal, his confession was not voluntary, and as a result, it was error to refuse to suppress the confession. Appellant also argues that the trial court erred when it refused to provide him funds for an additional psychological examination and a second gynecological examination of the victim. His final claim of error is that his constitutional rights were violated when the trial court refused to continue his trial and have him re-examined for competency to stand trial.

## I. SUPPRESSION OF CONFESSION

We first turn to the claim that appellant's confession should have been suppressed. He argues that his custodial confession was not voluntary, was the product of an illegal arrest, and as such, should have been suppressed.

In ascertaining whether a custodial confession should be admitted, a trial court must find the confession to be voluntary.

In doing so, the trial court must consider whether the defendant: (1) was lawfully arrested; (2) was given his *Miranda* warnings; and (3) effectively waived his right to counsel. *Rigsby v. Commonwealth*, Ky., 284 S.W.2d 686 (1956); *Harper v. Commonwealth*, Ky., 694 S.W.2d 665 (1985); *Colorado v. Spring*, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987).

It goes without question that a police officer may make a warrantless arrest when the officer has reasonable grounds to believe that a felony has been committed and that the arrested individual committed the felony. *Rigsby, supra.* In the instant case, the trial court heard eyewitness testimony that the victim was screaming and that appellant was on top of her with his penis exposed. Additional testimony was heard that when the victim was taken to the police department she was bleeding from her vaginal area. The victim was subsequently taken to a hospital for examination at which time a physician determined that her vagina had been penetrated. The victim also identified appellant to the police as the person who had "hurt her." Based on the above, appellant was arrested upon a reasonable belief that he had committed a felony. *Rigsby, supra.* A proper warrantless arrest occurred.

Regarding the recitation of *Miranda* warnings, appellant maintains that he was not advised of his constitutional rights and on several occasions unequivocally asked to speak with an attorney. The Commonwealth contends otherwise. In support of the Commonwealth's contention, it offered the testimony of the arresting officers and that of the booking officer. All testified that appellant was given his *Miranda* warnings on at least two occasions. The trial court based its ruling that the confession was voluntary on evidence presented at a hearing and determined that appellant had been adequately advised of his *Miranda* rights. The trial court's determination of this issue was supported by substantial evidence and is conclusive. *Harper v. Commonwealth*, Ky., 694 S.W.2d 665 (1985); RCr 9.78.

Also necessary to the validity of the confession is a determination that the defendant voluntarily waived his right to counsel. In order to be effective, the Commonwealth must prove that the waiver was knowing, voluntary, and intelligent. *Colorado, supra.* A defendant has an absolute right to waive counsel and to represent himself and no determination as to the effectiveness of such representation need be made. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

In the instant case, while in custody, and prior to his oral statement and subsequent taped statement, appellant signed a waiver form. He argues, however, that his waiver and subsequent statements were coerced. He claims that he was threatened with imprisonment and physical violence, deprived of food and water, and embarrassed. All of the above were contradicted at the evidentiary hearing by the officers who testified that the waiver and subsequent statements were made without threats, coercion, or embarrassment.

When the impropriety of an officer's conduct is alleged, as is the case here, the trial court must look at the totality of the circumstances including the credibility of the parties. *Houston v. Commonwealth*, Ky. App., 641 S.W.2d 42 (1982). When the trial court is faced with conflicting testimony regarding the voluntariness of a confession, its determination, including its evaluation of credibility, if supported by substantial evidence, is conclusive. *Edwards v. Commonwealth*, Ky., 500 S.W.2d 783 (1973); *Harper, supra;* RCr 9.78.

Prior to signing the waiver form, appellant was confronted with the substance of the testimony and physical evidence gathered which would be offered against him at trial. The evidence consisted of statements of the victim, who identified appellant as her assailant, Crystal Black's testimony, and the presence of blood stains on appellant's fingers and on the zipper area of his pants. Additionally, the police department found the victim's underwear in a wooded area near the scene of the rape.

Based on the above evidence, it was not unreasonable for the trial court to find that

appellant knowingly, voluntarily, and intelligently waived his right to counsel. *Colorado, supra.*

## II. PSYCHOLOGICAL EXAMINATION

■ Appellant next claims that it was error for the trial court to deny his request for additional funds for a second independent psychological examination.

KRS 31.110 provides that an indigent person is entitled: (b) to be provided with the necessary services and facilities of representation including investigation and other preparation. In *Young v. Commonwealth,* Ky., 585 S.W.2d 378 (1979), the Court construed the phrase "necessary services" to entitle an indigent defendant to be provided with "reasonably necessary expert assistance."

The United States Supreme Court has given us further guidance regarding examinations of the mental state of an accused in *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). *Ake* provides that "when the mental state of a defendant is 'seriously in question,' due process requires a state to provide access to a competent psychiatrist to assist in evaluation, preparation and presentation of the defense. *Id.* 470 U.S. at 70, 105 S.Ct. at 1089, 84 L.Ed.2d at 66. *Ake,* however, does not stand for the proposition that an indigent defendant has a constitutional right to choose the psychiatrist or receive funds to hire his own. *Id.*

In his brief, appellant concedes that the trial court appointed a competent expert to evaluate his mental state and his competency to stand trial. The expert was solely employed to assist the appellant in his defense; he did not assist the prosecution. The expert made findings contrary to appellant's wishes and appellant sought additional funds for another evaluation.

At the outset, a defendant is not entitled to an additional state-provided examination or funds to hire additional experts simply because the initial evaluation is contrary to his defense. *U.S. v. Baldi,* 344 U.S. 561, 568, 73 S.Ct. 391, 395, 97 L.Ed. 549 (1953). Nor does the fact that an additional evaluation might be beneficial to the defense add

credence to his claim. *Id.* In the subject case, appellant was afforded the constitutionally and statutorily required expert assistance and, as such, the trial court's refusal to provide additional examinations or funds did not violate his due process rights. *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

## III. GYNECOLOGICAL EXAMINATION

■ Appellant additionally claims that it was error for the trial court to refuse to order state funds for a gynecologist and order that the victim submit to a second gynecological examination.

Within hours of the incident, the victim had a gynecological examination performed at a local hospital. The record reflects that the examination was comprehensive and was accompanied by extensive documentation. As a result of the examination and other evidence, appellant was indicted for rape. At the time of trial, appellant requested additional funds and the victim's submission to a second examination. Prior to ruling on appellant's request, the trial judge ordered that a second physician evaluate the medical findings of the initial examining physician and express an opinion as to whether a second physical examination would be beneficial to appellant's defense. The expert's response was that an additional examination would not be beneficial. As such, the trial court denied appellant's request. The method used by the trial court to address the problem of a second physical examination of a child, allegedly the victim of rape or anal sodomy, was a proper approach to this issue and the requirements stated in *Turner v. Commonwealth,* Ky., 767 S.W.2d 557 (1968). *Hicks v. Commonwealth,* Ky., 670 S.W.2d 837 (1984). *Young v. Commonwealth, supra.*

## IV. CONTINUANCE

■ Finally, appellant claims it was error for the trial court to deny his request for a continuance and to refuse to order a second competency examination. Appellant's claim of error centers around KRS

504.080 by which he argues that his competency examination was inadequate and that the court should have committed him to a treatment center for further in-depth evaluation regarding his competency to stand trial.

First, this section is permissive and does not require commitment to a treatment facility. KRS 504.070 merely requires that at least one psychologist evaluate a defendant regarding his competency to stand trial. The expert, in the instant case, found, as a result of his evaluation, that appellant met the requirements of RCr 8.06 and that he was able to appreciate the nature and consequences of his actions. The expert had reasonable grounds to believe that appellant was competent. *Pate v. Commonwealth*, Ky., 769 S.W.2d 46 (1989). As such, a second competency hearing was not required and, as a result, no cause was shown for a continuance. *Jackson v. Commonwealth*, Ky., 703 S.W.2d 883 (1986).

Accordingly, appellant's conviction is affirmed.

All concur.