Tracy Neal HENSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–SC–0580–MR.

Supreme Court of Kentucky.

Aug. 26, 1999.

As Modified on Denial of Rehearing
June 15, 2000.

Shelly R. Fears, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler III, Attorney General, Paul D. Gilbert, Assistant Attorney General, Office of the Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

ROBERT B. HENSLEY, Special Justice.

Appellant, Tracy Neal Henson, was convicted in the Hardin Circuit Court of first-degree burglary and of second-degree burglary. He received consecutive sentences totaling twenty years imprisonment. Appellant now appeals to this Court as a matter of right. We affirm.

On October 19, 1995, Detectives Carr and Netherland arrested Appellant at his job site for first-degree burglary. Detective Carr gave Appellant the required Miranda warnings and placed him in the patrol car. While in the patrol car with Detective Carr, Appellant was told there was a warrant to search his residence, which was also the residence of his girlfriend, Melanie Snyder. Appellant asserts that he was told if he failed to cooperate and to tell the police "everything they asked," Ms. Snyder would be arrested for receiving stolen property and could lose custody of her daughter. Appellant confessed to the burglary, and Detective Carr recorded the confession. There is no dispute that Detective Netherland was not

present in the patrol car when the confession was given, and that it was Detective Carr alone who conducted the interrogation.

After Detective Carr recorded Appellant's confession, both officers drove Appellant to his residence to execute the search warrant. Thereafter, Appellant was transported to the Kentucky State Police post, where he received a second Miranda warning. While inventorying the property seized during the search, Appellant confessed to another burglary. Detective Netherland was present during only parts of the second confession. Because of interruptions during the second interrogation, Appellant received a third Miranda warning.

The trial court conducted a suppression hearing on June 4, 1996, to determine whether the first confession was voluntary or coerced. The Commonwealth presented only the testimony of Detective Netherland, who was not present during the initial confession; however, it is not disputed as to what transpired. Appellant testified that he felt threatened by Detective Carr's statements that if he did not fully cooperate with the police, they would arrest his girlfriend and her child could be taken away. The trial court, after hearing the evidence presented, denied the motion to suppress on the grounds that Detective Carr's alleged comment was merely a statement of fact and not a coercive threat.

Appellant alleges three errors with respect to the introduction of his taped confessions at trial. First, he argues that the Commonwealth failed to establish during the suppression hearing that, as a matter of law, his first confession was voluntary. Second, in his supplemental brief Appellant argues that the trial court should have suppressed his confession because Detective Carr continued to question him after he invoked his right to counsel and, therefore, obtained the confession in violation of his right against self-incrimination. Third, Appellant argues that he was denied due process when the trial court allowed the

Commonwealth to play his entire taped confessions to the jury.

## VOLUNTARINESS OF CONFESSION

■ Appellant asserts that the Commonwealth failed to meet its burden because it did not offer the testimony of at least one officer who was actually present when Appellant confessed. Under *Tabor v. Commonwealth*, Ky., 613 S.W.2d 133, 135 (1981), two requirements are necessary to establish voluntariness: 1) "[T]he prosecution must affirmatively establish the voluntariness of a confession by a preponderance of the evidence," and 2) "Police officers present when the confession was given should be called to testify at the hearing or their absences should be accounted for." *See also Canler v. Commonwealth*, Ky., 870 S.W.2d 219, 220–21 (1994).

The Commonwealth responds that Detective Netherland's testimony at the suppression hearing satisfied the *Tabor* requirements. While Detective Netherland was not present during the initial confession, he was an integral part of the ongoing investigation. In *Tabor*, the Commonwealth called no witnesses and introduced no evidence. The only evidence offered at the hearing was the defendant's testimony and the testimony of a jailer, whom the defendant had told the police had beat him up. During Appellant's suppression hearing, however, the Commonwealth called Detective Netherland who was an integral part of the investigative interrogations. The Commonwealth presented evidence that Appellant had received three separate Miranda warnings. Under these facts, we are of the opinion that the *Tabor* standard was inapplicable as Appellant admitted he had been given legally sufficient Miranda warnings.

■ Having concluded that the Commonwealth met its burden of proof during the suppression hearing, the next issue is whether the trial court properly ruled that Detective Carr's statement was merely a statement of fact, not a coercive threat.

Detective Carr told Appellant that he had a warrant to search Appellant's residence, and that if he did not cooperate and tell the police "everything they asked," they would arrest Ms. Snyder for receiving stolen property and she could lose custody of her daughter.

The trial court relied on *Kordenbrock v. Commonwealth,* Ky., 700 S.W.2d 384 (1985), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2260, 90 L.Ed.2d 704 (1986), to find that Appellant merely confessed at that time to protect Ms. Snyder from being prosecuted. In *Kordenbrock,* the defendant confessed because he thought that if he didn't his friends would be "hassled," and that "something bad might" happen to him and a woman he had casually dated, whom the police had picked up with him. *Id.* at 388. *Kordenbrock* differs from this case, however, because Kordenbrock never alleged that anyone made coercive statements to him. *Id.* Thus, while he did confess out of some motivation to protect his friends, he did not do so as a result of alleged coercion.

The trial court also relied upon KRS 514.110(2) (receiving stolen property) and *Jackson v. Commonwealth,* Ky., 670 S.W.2d 828 (1984), which states that possessing "stolen property is prima facie evidence of guilt of the theft of the property," to find that Detective Carr's statements were not coercive, but rather mere statements of fact. Under Kentucky law, occupants of a house can be held responsible for stolen property found there. Since it would have been entirely proper to charge Ms. Snyder with receiving stolen property, in the event that such was discovered during execution of the search warrant, Detective Carr's comment that Ms. Snyder would be arrested and lose custody of her child appears much more like a statement of fact than a coercive threat.

 To determine whether a confession is the result of coercion, one must look at the totality of the circumstances to assess whether police obtained evidence by overbearing the defendant's will through making credible threats. *Arizona v. Fulminante,* 499 U.S. 279, 286–88, 111 S.Ct. 1246, 1252–53, 113 L.Ed.2d 302 (1991); *Allee v. Commonwealth,* Ky., 454 S.W.2d 336, 341 (1970). The three criteria used to assess voluntariness are 1) whether the police activity was "objectively coercive;" 2) whether the coercion overbore the will of the defendant; and 3) whether the defendant showed that the coercive police activity was the "crucial motivating factor" behind the defendant's confession. *Morgan v. Commonwealth,* Ky., 809 S.W.2d 704, 707 (1991)(adopting federal due process standards of *McCall v. Dutton,* 863 F.2d 454 (6th Cir.1988). Any statement that was not the product of the defendant's free choice at that time was not voluntary.

 The issue of voluntariness of a confession is a mixed question of fact and law. The learned trial judge determined that Henson had the opportunity to make an informed and rational decision about whether or not to incriminate himself. When the trial court is faced with conflicting testimony regarding the voluntariness of a confession, its determination, including its evaluation of credibility, if supported by substantial evidence, is conclusive. *Crawford v. Commonwealth,* Ky., 824 S.W.2d 847, 849 (1992); *Harper v. Commonwealth,* Ky., 694 S.W.2d 665 (1985); *Edwards v. Commonwealth,* Ky., 500 S.W.2d 783 (1973); RCr 9.78.

Here, Appellant, claims his confession was coerced, and therefore involuntary, because he felt threatened by a true statement of fact. In other words, he was a victim of police misconduct because the true statement of fact unfairly impaired his capacity to make a rational choice and contributed to a confession which he otherwise would not have made. However, there were no offensive practices or oppressive conduct by the police officer. Upon our examination of the record and according appropriate deference to the trial judge's superior opportunity to observe the demeanor of the witnesses, we con-

clude that in the traditional sense Appellant's first confession was voluntary. There was no lengthy period of detention or repeated rounds of interrogation. There was no indication of any physical abuse. Appellant was informed of his constitutional rights on three separate occasions and obviously understood them. He was not an impressionable youth, nor was he lacking in intelligence or knowledge of the criminal process.

■ With controverted evidence, the trial court is the sole trier of facts and the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. Because there is evidence in the record to support the trial court's finding that the first confession was voluntarily given, we cannot conclude that there was an abuse of discretion. Under the totality of the circumstances, the Commonwealth has met its burden of proving the voluntariness of the initial confession.

## SELF–INCRIMINATION

■ At the hearing on his motion to suppress his confession, Appellant testified that, while inside the patrol car, he indicated to Detective Carr that he did not wish to discuss the burglary and stated that he wanted "to wait and speak to an attorney." Although Appellant's objection in the trial court to the constitutionality of his confession was based solely upon his allegation that the law enforcement officers obtained it by coercion, he now asserts that the trial court should have suppressed his confession because it was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 11 of the Kentucky Constitution. Appellant argues that he preserved this issue for our review by raising before the trial court, in the context of his motion to suppress his confession, the broader issue of whether law enforcement officers obtained his confession through unconstitutional means.

■ We find this alleged error unpreserved for review in this Court. Appellant failed to argue before the trial court that his confession was inadmissible for the reason he now alleges on appeal, and we are not at liberty to review alleged errors when the issue was not presented to the trial court for decision. *McDonald v. Commonwealth,* Ky., 554 S.W.2d 84 (1977). In *Kennedy v. Commonwealth,* Ky., 544 S.W.2d 219 (1977), this Court found an alleged issue relating to the voluntariness of a confession not properly preserved for appellate review despite the fact that the Appellant in that case had raised other objections with respect to the confession:

> The failure of the trial court to hold an in chambers hearing to determine the voluntariness of the confessions ... is not properly preserved for appellate review. The appellants raised no question before the trial court as to the voluntary nature of these statements. Their objections were limited to their inconsistency and the lack of knowledge on the part of counsel for the appellants of their existence. *The appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court.*

*Id.* (emphasis added and citations omitted). The case now before us differs only in that here Appellant tries to feed us *both* cans of worms. While we have previously addressed the issue Appellant squarely presented to the trial court, we find that Appellant has not preserved for our review any self-incrimination issue relating to his confession.

■ We also disagree with Appellant's contention that if we find this error unpreserved, we should address it pursuant to RCr 10.26 as a substantial error because the constitutional nature of his argument on appeal demonstrates that he is the victim of "manifest injustice." Initially, we would note that the constitutional nature of Appellant's claim does not automatically elevate any alleged error to the point where we should review it under

RCr 10.26. In the past, we have held that a failure to properly preserve by objection even those alleged errors with constitutional dimensions means that this Court will not review them. *Arnold v. Commonwealth,* Ky., 433 S.W.2d 355 (1968) (confrontation clause issue presented in a *Bruton*-like context); *Turner v. Commonwealth,* Ky., 460 S.W.2d 345 (1970) (right to counsel issue). In any event, we feel it would stretch the limits of RCr 10.26 to hold that a trial court commits palpable error when it fails to rule, on its own motion, that a confession was obtained in violation of the Appellant's right against self-incrimination when the only evidence suggesting that conclusion is the Appellant's own self-serving statement. Just as we decline to dine upon this new can of worms submitted to us by Appellant, we decline to open a third can of worms by grossly expanding the scope of our palpable error review.

### ALLEGED 404(b) EVIDENCE

 Appellant alleges the trial court erred in allowing the Commonwealth to play the entirety of his taped confessions because Detective Carr asked the Appellant a number of times whether he had committed other burglaries in the area and whether he had been arrested in other jurisdictions. As Appellant actually confessed to the crimes with which the jury convicted him and denied knowledge of and participation in other crimes regarding which he was questioned, we find that the trial court committed no reversible error by permitting the Commonwealth to play for the jury Appellant's confessions in their entirety. Regardless of Appellant's contention that Detective Carr's tone and form of questioning suggested that the Detective believed Appellant was involved in other crimes, the other evidence connecting Appellant to the burglaries with which he was convicted was substantial, and any impermissible inferences suggested by the questioning did not prejudice Appellant. RCr 9.24; *Scott v. Commonwealth,* Ky., 495 S.W.2d 800 (1972), cert.

denied, 414 U.S. 1073, 94 S.Ct. 587, 38 L.Ed.2d 479 (1973).

The judgment and sentence of the Hardin Circuit Court is affirmed.

GRAVES, J., HENSLEY, S.J., JOHNSTONE, J., KELLER, J., and WINTERSHEIMER, J., concur.

LAMBERT, C.J., and STUMBO, J., dissent without opinion.

COOPER, J., not sitting.