SULLIVAN, Senior Judge
(concurring in part and in result):
Nearly fifty years ago, Justice Sherman Minton observed that “[a] defendant is entitled to a fair trial but not a perfect one.” Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953). In this case it would have been better had the medical examiner’s staff not discarded the victim’s brain and its coverings; however, this evidence was not “apparently exculpatory” at the time it was discarded. See United States v. Garries, 22 MJ 288, 292-93 (CMA 1986); United States v. Kern, 22 MJ 49 (CMA 1986). Also, there was no bad faith in the loss of this potential evidence. See United States v. Gomez, 191 F.3d 1214, 1218-19 (10th Cir. 1999); Holdren v. Legursky, 16 F.3d 57, 60 *383 (4th Cir.1994); State v. Graham, 118 N.C.App. 231, 454 S.E.2d 878, 880-81 (1995). Moreover, loss of the tissue samples did not deny appellant the ability to present a defense based on his theory of the ease. See Appellate Exhibit LXI (Military Judge’s Ruling on Motion). In these circumstances, I am satisfied that appellant received a fair trial as provided in our Constitution. See Arizona v. Youngblood, 488 U.S. 51, 60, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)(Stevens, J., concurring).
I also agree with the lead opinion that appellant’s confession to injuring the victim was voluntary. The detectives investigating this case did comment to appellant that if he and his wife were apprehended for inflicting the injuries leading to the victim’s death, their children would be placed by Department of Human and Rehabilitation Services in foster care. This was a correct statement of fact as to the procedure in Florida; nor was the threat to arrest appellant’s wife a bad-faith attempt or pretext to extract a false confession from appellant. As such this statement should not be the basis for excluding appellant’s confession. See Henson v. Commonwealth, 20 S.W.3d 466 468-69 (Ky. 1999); see also Johnson v. Trigg, 28 F.3d 639, 644-45 (7th Cir.1994).
Appellant did not make any admissions at the time this statement was made. It was not until several hours later, and after he had spent about 20 minutes in conversation alone with his wife, that he implicated himself in these offenses. Moreover, there was no evidence that the police had placed improper pressure on appellant’s wife to force him to confess. Cf. United States v. Borodzik, 21 USCMA 95, 44 CMR 149 (1971). Thus, the detective’s statement, neither standing alone nor in connection with other events occurring during the interview, sufficed to overbear appellant’s will. Cf. Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961).
A final issue in this case is whether the military judge erred by failing to take remedial steps to protect appellant from unfair prejudice at trial resulting from the inadvertent loss of these items of potential evidence. See R.C.M. 703(f)(2), Manual for the Courts-Martial, United States (1994 ed.). Although the military judge concluded that the lost evidence was not essential to a fair trial, he did take steps to protect against the government “unfairly bolstering” its case on this basis. See R.C.M. 801(a)(3), Manual, supra (Power of trial judge to ensure rules are complied with). Cf. United States v. Manuel, 43 MJ 282 (1995). Appellant complains that these measures were inadequate.
Initially, I note that the trial judge in this case denied the defense’s request to give an adverse inference instruction against the Government as a result of the loss of the brain materials. An adverse inference instruction, where the lost evidence was not discarded in bad faith, is not warranted. See United States v. Artero, 121 F.3d 1256, 1259-60 (9th Cir.1997); United States v. Jennell, 749 F.2d 1302, 1308-09 (9th Cir.1984); See generally 2A Charles Alan Wright, Federal Practice and Procedure § 489 at 412-19 (3d ed.2000). Accordingly, the military judge did not err in faffing to give the defense requested instruction.
Nevertheless, the military judge did allow the admission of the defense expert’s testimony in this case and instructed trial counsel to refrain from impeaching the defense expert on the basis of his inability to examine the brain coverings. Appellant has not persuaded me that these measures were legally inadequate. See generally United States v. McElhaney, 54 MJ 120, 129 (2000). Admittedly, trial counsel may have violated the military judge’s protective order in attempting to impeach the defense expert with his pre-trial investigation testimony which was predicated on this expert’s failure to examine the lost evidence. However, the trial judge’s final instructions to the members cured any error resulting from his failure to immediately enforce his protective order. See United States v. Meeks, 35 MJ 64, 69 (CMA 1992)(Millitary Judge’s instructions preclude any possibility of prejudice).