RENDERED: SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1058-MR

RANDALL F. WHITWORTH                                         APPELLANT

APPEAL FROM CALDWELL CIRCUIT COURT
v.        HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 17-CR-00199

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: Randall F. Whitworth ("Whitworth") appeals from the

Caldwell Circuit Court's order denying his motion to vacate, set aside, or correct

his sentence under RCr[1] 11.42. After careful review, finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

Whitworth was arrested and charged with several offenses stemming from a controlled buy at his house in Caldwell County. On February 26, 2019, a jury found Whitworth guilty of first-degree trafficking in a controlled substance,[2] trafficking in marijuana,[3] and possession of drug paraphernalia.[4] The jury found Whitworth guilty of all charges and recommended a total sentence of fifteen years' imprisonment. On April 3, 2019, the trial court entered the judgment and sentence, consistent with the jury's recommendations. On direct appeal, this Court affirmed Whitworth's conviction. *Whitworth v. Commonwealth*, No. 2019-CA-000568-MR, 2020 WL 1970599 (Ky. App. Apr. 24, 2020).

On March 16, 2021, Whitworth filed a *pro se* RCr 11.42 motion alleging ineffective assistance of counsel, along with motions to proceed *in forma pauperis*, for an evidentiary hearing, and for appointment of counsel. On August 17, 2021, the circuit court entered an order denying RCr 11.42 relief and all other motions.

Whitworth filed a *pro se* notice of appeal, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel. The circuit court

---

[2] Kentucky Revised Statutes ("KRS") 218A.1412(1)(b) (Class C felony).

[3] KRS 218A.1421(3)(b) (Class D felony).

[4] KRS 218A.500(2) (Class A misdemeanor).

granted Whitworth's motion to proceed *in forma pauperis* and denied his motion for appointment of counsel.

On appeal, Whitworth argues trial counsel was ineffective in: (1) failing to call several witnesses to testify on his behalf; (2) investigating and presenting a defense at trial; and (3) refusing to allow him to testify at trial. Additionally, Whitworth argues the circuit court erred in denying his request for an evidentiary hearing.

"The Sixth Amendment entitles criminal defendants to the 'effective assistance of counsel' – that is, representation that does not fall 'below an objective standard of reasonableness' in light of 'prevailing professional norms.'" *Bobby v. Van Hook*, 558 U.S. 4, 7, 130 S. Ct. 13, 16, 175 L. Ed. 2d 255 (2009) (per curiam) (quoting *Strickland v. Washington*, 466 U.S. 668, 686, 688, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984) (internal quotation marks omitted)). A successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland*, 466 U.S. 668, 104 S. Ct. 2052; *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires that:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish ineffective assistance of counsel under both *Strickland* prongs, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Parrish*, 272 S.W.3d at 168 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065) (internal quotation marks omitted). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). We review counsel's performance under *Strickland de novo*. *McGorman*, 489 S.W.3d at 736.

First, Whitworth argues trial counsel was ineffective in failing to call several witnesses to testify on his behalf at the suppression hearing and trial. He argues counsel failed to call Detective Trent Fox and David Oliver to testify on his

behalf at the suppression hearing. He asserts their testimony would have proven the detective lied about Oliver living in Whitworth's home. His argument on appeal is an impermissible attempt "to feed one can of worms to the trial judge and another to the appellate court." *Henson v. Commonwealth*, 20 S.W.3d 466, 470 (Ky. 1999).

Below, Whitworth argued, "[c]ounsel was ineffective for not proving to the jury during [Detective Fox's] testimony and in Movant's brief[5] Detective Trent Fox had admitted to lying about David Oliver living at [Whitworth's] home." Record ("R.") at 223. The circuit court found this issue was addressed in Whitworth's motion to suppress and on direct appeal. The circuit court further found the jury could have chosen not to believe Detective Fox's testimony about Oliver living in Whitworth's home.

On appeal, Whitworth argues trial counsel should have called Detective Fox and Oliver to testify at the suppression hearing. The Commonwealth points out that both Detective Fox and Oliver did testify at the suppression hearing. Instead of proving that Detective Fox lied, their testimony called Oliver's credibility into question. As this argument is unpreserved, Whitworth did not request review for palpable error under RCr 10.26, and the facts do not support his argument, we will not address this argument further.

---

[5] It is unclear what "brief" Whitworth referred to in his RCr 11.42 motion.

Whitworth also argues counsel failed to call Jonathan Hoover, Robin Duff, David Oliver, and Denzel Aldridge to testify on his behalf at trial. On appeal, Whitworth asserts these witnesses would have testified that he was not dealing drugs on the night in question, and only Whitworth lived in his house. The circuit court found all of the witnesses listed above "are convicted felons. Considering their limited credibility, a decision not to call or subpoena witnesses is a reasonable trial strategy." R. at 246. "It is not the function of this Court to usurp or second guess counsel's trial strategy." *Commonwealth v. York*, 215 S.W.3d 44, 48 (Ky. 2007) (quoting *Baze v. Commonwealth*, 23 S.W.3d 619, 624 (Ky. 2000), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)). Thus, we agree with the circuit court that it was reasonable trial strategy not to call convicted felons to testify on Whitworth's behalf.

Second, Whitworth argues trial counsel was ineffective in his preparation and presentation of a defense at trial. The Commonwealth argues these are general allegations that are unsupported by the record. Below and on appeal, Whitworth failed to specify what counsel could have done differently to better defend him. "We will not search the record to construct [appellant's] argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments." *Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019).

Thus, we cannot conclude the circuit court erred in denying Whitworth's RCr 11.42 motion.

Third, Whitworth argues trial counsel was ineffective in refusing to allow him to testify at trial. The Commonwealth argues Whitworth knowingly and voluntarily chose not to testify. Below, the circuit court found "there is no indication that [Whitworth] did not understand that he could testify, despite advice of counsel. He made a knowing, intelligent, and voluntary waiver of his right to testify." R. at 247.

Whitworth's argument lacks merit. He merely argues counsel refused to allow him to testify. Whitworth makes no argument that counsel failed to properly inform him of this right to testify. Thus, the circuit court did not err in finding Whitworth voluntarily waived his right to testify at trial.

Finally, Whitworth argues the circuit court erred in denying his request for an evidentiary hearing. "[A]n evidentiary hearing is *not* required when the record refutes the claim of error or when the allegations, even if true, would not be sufficient to invalidate the conviction." *Cawl v. Commonwealth*, 423 S.W.3d 214, 218 (Ky. 2014). As discussed throughout this Opinion, Whitworth failed to present any arguments supported by the record. The record clearly reflects that his arguments lack merit. Thus, the circuit court correctly found he was not entitled to an evidentiary hearing.

For the foregoing reasons, we affirm the order of the Caldwell Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Randall F. Whitworth, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky