RENDERED:  SEPTEMBER 26, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0761-MR

KEVIN MADISON                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 19-CR-002230


COMMONWEALTH OF KENTUCKY                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

JONES, L., JUDGE:  Kevin Madison, proceeding *pro se*, appeals the May 30, 2024 Order of the Jefferson Circuit Court denying his request to vacate his conviction and sentence pursuant to CR[1] 60.02(e)-(f).  Finding no error, we affirm.

---

[1] Kentucky Rule of Civil Procedure.

Madison was convicted of one count of Arson in the First Degree, five counts of Wanton Endangerment in the First Degree, and one count of Criminal Mischief in the First Degree. The jury also found Madison to be a Persistent Felony Offender in the First Degree (PFO). While the jury recommended a total of 105 years to serve in the penitentiary, at final sentencing, the trial court reduced the recommended sentence to seventy years to serve in the penitentiary as required by KRS[2] 532.110(1)(c)(2). In an unreported decision, the Kentucky Supreme Court affirmed Madison's conviction and sentence. *Madison v. Commonwealth*, No. 2023-SC-0127-MR, 2024 WL 1147467 (Ky. Mar. 14, 2024).

On May 28, 2024, Madison filed a *pro se* "Motion to Vacate Judgment Pursuant to CR 60.02(e) & (f)." (CR 60.02 Motion.) In an accompanying memorandum, Madison asserted that because the trial court improperly bifurcated the PFO phase from his trial, which resulted in the trial court lacking jurisdiction to enter judgment against him. Therefore, Madison asserted that the failure to properly bifurcate the PFO phase rendered his sentence illegal. On May 30, 2024, the trial court entered an order denying Madison's CR 60.02 Motion. Record (R.) at 404-405. In its Order, the trial court found that Madison's CR 60.02 Motion "raises virtually the same issues raised in his previously referenced unsuccessful appeal" and that Madison's claims were "unsupported by

[2] Kentucky Revised Statutes.

the record and inconsistent with Kentucky law." R. at 404. Additionally, the trial Court found that Madison "failed to demonstrate the presence of the necessary extraordinary circumstances warranting [relief under CR 60.02]." From that Order, Madison filed a timely appeal.[3]

On appeal, Madison argues the trial court abused its discretion in two ways. First, Madison claims the trial court erred when it "[denied] his [CR 60.02 Motion] without reviewing the merit[s] of [his] argument" "as well as giving a false narrative of [his] direct appeal." Appellant's Brief at 1. Second, Madison claims the trial court erred when it "denied [Madison's] argument that it did not have jurisdiction to convict him of an illegal sentence." Augmenting his second argument, Madison also claims the PFO statute is "vague" and should be subject to the rule of lenity and that his sentence is so disproportionate as to be unconstitutional.

As an initial matter, the Commonwealth requests that we dismiss this appeal because Madison's brief does not comply with the Rules of Appellate Procedure (RAP). In particular, the Commonwealth argues that (1) Madison did not "specifically and adequately state how and where he preserved any of his

---

[3] Coincident with his CR 60.02 Motion, Madison filed several other motions: (1) a Motion to Proceed *In forma Pauperis*, (2) a Motion for Appointment of Counsel; and (3) a Motion for an Evidentiary Hearing. The trial court's May 30, 2024 Order did not dispose of those motions, nor did the trial court ever rule on those motions. However, the trial court's ruling denying Madison's CR 60.02 Motion would render those motions moot.

arguments in the trial court"; (2) Madison's brief contains minimal citations to the trial court record; and (3) the argument section of Madison's brief lacks a statement showing whether the issues were preserved for review and how they were preserved. Appellee's Brief at 2-3.

The Commonwealth is correct. Madison's brief lacks any preservation statement as required by RAP 32(A)(4) and his Statement of the Case contains few references to the record below as required by RAP 32(A)(3). Moreover, RAP 32(A)(3) requires "a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal[.]" Madison's Statement of the Case only contains reference to the factual and procedural history of the underlying trial in this case, *not* any of the facts or procedural history relating to this appeal, *i.e.* his CR 60.02 Motion. Madison's brief also violates RAP 32(E)(1)(a) which provides that "[t]he appellant shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court." Madison's appendix only contains a copy of the Kentucky Supreme Court opinion from his direct appeal, not the trial court's May 30, 2024 Order denying his CR 60.02 Motion.

When a brief fails to substantially comply with RAP 31, we have the option of striking that brief. RAP 31(H)(1). Furthermore, we have the option of dismissing the appeal. RAP 10(5). We recognize that "while *pro se* litigants are

-4-

sometimes held to less stringent standards than lawyers . . . Kentucky courts still require *pro se* litigants to follow the [Kentucky Rules of Court].” *Watkins v. Fannin*, 278 S.W. 3d 637 S.W.3d 637, 643 (Ky. App. 2009). Indeed, this Court exercised the option to strike a brief submitted by an incarcerated *pro se* appellant for failure to comply with the RAP. *See Robertson v. Commonwealth*, No. 2024-CA-0699-MR, 2025 WL 1716891, at *1 (Ky. App. Jun. 20, 2025) (striking incarcerated appellant’s *pro se* brief as it “did not comply with the RAP in any meaningful way at all” and concluding that “[i]t does not appear that [the appellant] even looked at the rules or made any attempt at compliance.”).

This Court’s waning tolerance for the failure of parties to comply with RAP notwithstanding, we note that Madison’s brief at least appears to attempt compliance with the RAP, far more than the brief in *Robertson*.[4] Moreover, one of Madison’s claims is that his sentence is illegal due to a defect in the PFO proceedings. Because “[i]llegal sentences must always be correctable[,]” and “the mode of attack or time when the attack is brought are immaterial when the issue is an illegal sentence,” *Phon v. Commonwealth*, 545 S.W.3d 284, 307 (Ky. 2018), we are compelled to review Madison’s arguments.

---

[4] The appellant’s brief in *Robertson* not only lacked a statement of preservation, it also did not contain: (1) a statement concerning oral argument, (2) a statement of points and authorities, (3) a statement of the case, or (4) any citations to the record at all. 2025 WL 1716891. Albeit wanting in numerous respects, Madison’s brief contains all four of these latter portions.

Turning to the merits of Madison's arguments, this Court reviews the denial of a CR 60.02 motion for abuse of discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

However, relief under CR 60.02 is not available for issues that could have been brought on direct appeal or by a motion under RCr[5] 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). As explained in *Gross*, "the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken." *Id.* at 857. "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Madison argues on appeal that the PFO phase of his trial was not properly bifurcated and thus his sentence is illegal. However, such argument goes to a procedural defect rather than the legality of the sentence. Even on direct appeal, without a contemporaneous objection to any procedural defect in PFO proceedings, such defect would only be reviewed for palpable error. *Montgomery*

---

[5] Kentucky Rules of Criminal Procedure.

-6-

*v. Commonwealth*, 320 S.W.3d 28, 49 (Ky. 2010). Thus, Madison should have brought any claims regarding alleged defects in the PFO phase of his trial on direct appeal.[6]

Nor is Madison's sentence illegal. Again, any alleged defect in the PFO phase of a trial do not necessarily render the resulting sentence illegal. While the jury recommended that Madison serve 105 years in the penitentiary, the trial court's judgment correctly reduced that sentence to the seventy-year cap in KRS 532.110(1)(c)2.

Moreover, there was no defect in the PFO phase of Madison's trial. The proper procedure in the PFO phase of a trial is as follows:

> If the accused is also charged as a persistent felony offender, the penalty phase and a persistent felony offender phase can be combined because the same evidence that is pertinent toward fixing the penalty is also pertinent for consideration in the enhancement of sentence, and the jury in the combined bifurcated hearing could be instructed to (1) fix a penalty on the basic charge in the indictment; (2) determine then whether the defendant is guilty as a persistent felony offender, and if so; (3) fix the enhanced penalty as a persistent felony offender.

---

[6] We note that the trial court's May 30, 2024 Order stated Madison's CR 60.02 Motion "raises virtually the same issues raised in his [direct appeal]." This is incorrect; Madison's sole issue on direct appeal was whether the trial court erred by denying his motions for directed verdict. *See Madison*, 2024 WL 1147467, at *3. However, this incorrect statement does not change the fact that Madison should have raised the issues in his CR 60.02 Motion on his direct appeal.

*Commonwealth v. Reener*, 734 S.W.2d 794, 798 (Ky. 1987); KRS 532.080. That is exactly what occurred in this case. The jury was instructed to determine the basic penalty for the offenses under which Madison was convicted; then instructed to determine if Madison was guilty of PFO I, and then, if so, to determine the enhanced penalty for the eligible offenses. The jury followed those instructions.

Madison's arguments regarding the vagueness of the PFO statute and disproportionality of his sentence were not made in his original CR 60.02 motion; therefore we decline to review those arguments as appellate courts "are not at liberty to review alleged errors when the issue[s] [were] not presented to the trial court for decision." *Henson v. Commonwealth*, 20 S.W.3d 466, 470 (Ky. 1999).

Madison's CR 60.02 Motion raised issues that should have been brought on direct appeal and are nevertheless without merit. Thus, the May 30, 2024 Order of the Jefferson Circuit Court denying Madison's CR 60.02 motion is affirmed.

We view any remaining contentions of error as moot, unpersuasive, unpreserved, or without merit.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin Madison, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky