RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0326-MR

FREDERICK R. MILLER[1]                                             APPELLANT

|     | APPEAL FROM FAYETTE CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE JULIE M. GOODMAN, JUDGE |
|     | ACTION NOS. 13-CR-00829 AND 13-CR-01310 |

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Frederick Miller, *pro se*, appeals from an order of the

Fayette Circuit Court which denied his motion to correct his sentence. Appellant

---

[1] The Appellant's first name appears to be misspelled in the notice of appeal. We have adopted the spelling from his *pro se* brief and the record below.

argues that his twenty-nine-year sentence is in violation of statutory law.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was incarcerated while awaiting trial on case number 13-CR-00829.  He was granted a day pass to attend a funeral, but failed to return.  Upon his arrest, he was charged with second-degree escape,[2] first-degree fleeing or evading police,[3] and being a persistent felony offender (PFO) in the first degree[4] in case number 13-CR-01310.  For 13-CR-00829, Appellant entered a guilty plea to two counts of second-degree robbery[5] and PFO in the first degree.  Pursuant to the plea agreement, he was sentenced to fifteen years in prison.  Appellant proceeded to a jury trial in 13-CR-01310.  The jury found him guilty of second-degree escape and PFO in the first degree.  The jury was unable to reach a verdict on first-degree fleeing or evading police, but Appellant chose to plead guilty to second-degree fleeing or evading police.[6]  Appellant was then sentenced to fourteen years in

---

[2] Kentucky Revised Statutes (KRS) 520.030.

[3] KRS 520.095.

[4] KRS 532.080(3).

[5] KRS 515.030.

[6] KRS 520.100.

prison. The two sentences were then set to run consecutively, for a total of twenty-nine years in prison. All of the felony charges of which Appellant was convicted were Class C and Class D felonies.

Around five years later, Appellant filed a motion seeking to correct his sentence. He argued that the total number of years he is to be incarcerated violated KRS 532.110(1)(c), which states:

> (1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
>
> . . .
>
> > (c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]

Looking at KRS 532.080, we see that KRS 532.080(6)(b) states:

> (6) A person who is found to be a persistent felony offender in the first degree shall be sentenced to imprisonment as follows:
>
> . . .
>
> > (b) If the offense for which he presently stands convicted is a Class C or Class D felony, a

persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

Appellant's motion seeking to correct his sentence argued that when reading KRS 532.110(1)(c) and KRS 532.080(6)(b) together, he should not have been incarcerated for more than twenty years. The trial court denied his motion and this appeal followed.

## ANALYSIS

We believe the trial court was correct in denying Appellant's motion and conclude that his twenty-nine-year sentence was appropriate. KRS 532.110(3) states:

> Notwithstanding any provision in this section to the contrary, if a person is convicted of an offense that is committed while he is imprisoned in a penal or reformatory institution, during an escape from imprisonment, or while he awaits imprisonment, the sentence imposed for that offense may be added to the portion of the term which remained unserved at the time of the commission of the offense. The sentence imposed upon any person convicted of an escape or attempted escape offense shall run consecutively with any other sentence which the defendant must serve.

Here, Appellant was incarcerated, granted a day pass, and failed to return. He was arrested and subsequently charged with escape. KRS 532.110(3) applies to this scenario. The felony escape conviction was required to run consecutively to the

robbery conviction, even though it would exceed the usual aggregate twenty-year maximum sentence. Appellant's twenty-nine-year sentence does not violate statutory law. In addition, our holding today is in line with identical holdings in *King v. Commonwealth*, 374 S.W.3d 281, 297 (Ky. 2012), and *Gaither v. Commonwealth*, 963 S.W.2d 621, 622-23 (Ky. 1997), *as modified on denial of reh'g* (Apr. 16, 1998).

## **<u>CONCLUSION</u>**

Based on the foregoing, we affirm the judgment of the trial court. Appellant's total sentence of twenty-nine years does not violate Kentucky law. Both statutory law and case law deem it proper.

ALL CONCUR.

BRIEF FOR APPELLANT:

Frederick R. Miller, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky